887 F.2d 1003
 58 USLW 2282, 27 Soc.Sec.Rep.Ser. 349,
Medicare&Medicaid Gu 38,233
 CITIZENS ACTION LEAGUE, a Non-Profit Corporation; Angelina
Aiello; Myrtle Suntken; Gestner Hodge; and Mary
Dunker, on Behalf of Themselves and All
Others Similarly Situated,
Plaintiffs-Appellants,
v.
Kenneth KIZER, Director, State Department of Health
Services; State of California Department of Health
Services; and Louis W. Sullivan,* Secretary,
United States Department of Health and Human Services,
Defendants-Appellees.
 No. 88-15044.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 5, 1989.
Decided Oct. 23, 1989.
 
 Joel R. Reynolds, Western Center on Law and Poverty, Inc., Jane Perkins, National Health Law Program, Los Angeles, Cal., Evelyn R. Frank, Legal Aid Society of Alameda County, Oakland, Cal., Catherine Grant, Community Legal Services, Norwalk, Cal., for plaintiffs-appellants.
 John J. Klee, Deputy Atty. Gen., State of Cal., Joseph Stein, Asst. Regional Counsel, U.S. Dept. of Health & Human Services, San Francisco, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before TANG, CANBY, and O'SCANNLAIN, Circuit Judges.
 O'SCANNLAIN, Circuit Judge:
 
 
 1
 This appeal turns on whether California has made a permissible interpretation of federal Medicaid law to authorize recovery of benefits from a deceased recipient's "estate." Plaintiffs are a class comprised of persons who by right of survivorship have succeeded to property they formerly held in joint tenancy with a benefits recipient. They argue that Congress's use of the word "estate" in the recoupment provision limits a state's recovery to property which descends to the recipient's heir or the beneficiaries of the recipient's will upon death. Because the property California seeks to reach passes by right of survivorship--thereby bypassing probate altogether--they argue that the California statute is impermissibly broad and is inconsistent with federal law. We agree.
 
 
 2
 * In 1965, Congress established "Medicaid," a cooperative federal-state health benefits assistance program designed to provide necessary medical services to low income persons. Title XIX of the Social Security Act, codified at 42 U.S.C. Sec. 1396 et seq. ("the Act"); see also Schweiker v. Gray Panthers, 453 U.S. 34, 36-37, 101 S.Ct. 2633, 2636-2637, 69 L.Ed.2d 460 (1981). State governments principally administer the program, and in so doing must abide by the requirements of the Act to qualify for receipt of federal Medicaid funds. Beltran v. Myers, 701 F.2d 91, 92 (9th Cir.), cert. denied sub nom., Rank v. Beltran, 462 U.S. 1134, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983). California participates in the Medicaid program through its California Medical Assistance Program ("Medi-Cal"), which provides medical services to aged, disabled, and needy persons. Cal.Welf. & Inst.Code Secs. 14005.1, 14050.1, 14051 (West Supp.1989); see generally Lynch v. Rank, 747 F.2d 528 (9th Cir.1984), modified, 763 F.2d 1098 (9th Cir.1985).
 
 
 3
 The Act requires state plans, among other things, to comply with its provisions "with respect to liens, adjustments and recoveries of medical assistance correctly paid, and transfers of assets." 42 U.S.C. Sec. 1396a(a)(18) (1982). In turn, section 1396p of the Act permits states to recover the costs of Medicaid benefits correctly paid to a recipient 65 years or older from the former recipient's "estate." 42 U.S.C. Sec. 1396p(b)(1)(B). Pursuant to this federal authority, California enacted as part of its Medi-Cal statutory scheme a provision that authorizes the California Department of Health Services ("Department" or "DHS") to "claim against the estate of the decedent, or against any recipient of the property of that decedent by distribution or survival an amount equal to the [Medi-Cal] payments received." Cal.Welf. & Inst.Code Sec. 14009.5 (West Supp.1989) (emphasis supplied).
 
 
 4
 Appellant California residents who have been subjected to operation of the cited portion of the statute filed an action in California State Superior Court, seeking a writ of mandate and permanent injunction prohibiting the Department from recovering or seeking to recover Medi-Cal benefits correctly paid from any person who succeeds by survivorship to property he owned in joint tenancy with a former benefits recipient.[1] The Department removed the action to the United States District Court for the Northern District of California under 28 U.S.C. Sec. 1441(a).
 
 
 5
 After the federal district court certified appellants as a plaintiff class,[2] appellants moved for summary judgment, alleging that section 14009.5 is inconsistent with 42 U.S.C. Sec. 1396p(b)(1)(B). The district court denied the motion, reasoning that were it to rule for appellants, only those individuals shrewd enough to enter a joint tenancy with a Medi-Cal recipient would be protected while those individuals not shrewd enough to enter a formal joint tenancy would be subject to claims for recovery. Citizens Action League v. Kizer, 670 F.Supp. 874, 878 (N.D.Cal.1987).
 
 
 6
 Thereafter, the district court granted summary judgment in favor of defendants.
 
 II
 
 7
 We must determine whether California Welfare & Institutions Code section 14009.5, which allows for recoupment of Medi-Cal benefits from surviving joint tenants, is inconsistent with federal Medicaid law. In so doing, we must construe 42 U.S.C. Sec. 1396p(b)(1)(B) (1982).
 
 
 8
 In construing a statute, we look first to its plain meaning. United States v. 594,464 Pounds of Salmon, 871 F.2d 824, 825-26 (9th Cir.1989). If the statutory language is unambiguous, its plain meaning controls unless Congress has "clearly expressed" a contrary legislative intention. Id. at 826. In addition, unless Congress has made manifest an intent to the contrary, a presumption obtains that when Congress uses a common law term, it intends to use it in its common law sense. See, e.g., Gilbert v. United States, 370 U.S. 650, 655, 82 S.Ct. 1399, 1402, 8 L.Ed.2d 750 (1962); Black v. Commissioner, 765 F.2d 862, 864-65 (9th Cir.1985).
 
 
 9
 Federal Medicaid law limits a participating state's ability to recoup benefits as follows: "No adjustment or recovery of any medical assistance correctly paid on behalf of an individual under the State plan may be made, except ... in the case of any other individual who was 65 years of age or older when he received such assistance, from his estate." 42 U.S.C. Sec. 1396p(b)(1)(B) (1982) (emphasis supplied). Because Congress did not define "estate" in the Act, we look to its common law meaning in construing this statutory section.
 
 
 10
 At common law, "estate" excluded interests in a decedent's property that were formerly held in joint tenancy. Powell on Real Property p 617(3) (1986); see also In re Estate of Harris, 88 Misc.2d 60, 387 N.Y.S.2d 796 (Sur.Ct.1976), aff'd, 61 A.D.2d 881, 402 N.Y.S.2d 978 (1978); Citizens Action League, 670 F.Supp. at 877. Because the California statute is not so limited,[3] appellants' argument is compelling.
 
 
 11
 Nonetheless, appellees contend that a letter from the Administrator of the United States Health Care Financing Agency (HCFA) to the Director of the California Department of Health Services decides the issue dispositively in their favor. HCFA is the division of the federal Department of Health and Human Services ("HHS") charged with administering the federal Medicaid program. As it pertains to this litigation, the letter states that:
 
 
 12
 The Health Care Financing Administration has not construed "estate" in the context of 42 U.S.C. Sec. 1396p(b)(1)(B) as being limited to the probate estate, nor has it issued any definitive pronouncements on this question. Therefore, States are not bound to consider "estate" to mean "probate estate." Thus, if State law does not require that "estate" be limited to "probate estate," that State would not be precluded from considering property which passes by operation of survivorship under title held in joint tenancy to be part of the deceased's estate for purposes of recoveries under Medicaid.
 
 
 13
 Letter from William L. Roper, M.D., HCFA Administrator, to Kenneth W. Kizer, Director of California DHS (Sept. 4, 1986).
 
 
 14
 The view of a statute by the agency charged with its administration is entitled to considerable deference. Chemical Mfrs. Ass'n v. Natural Resources Defense Council, 470 U.S. 116, 125, 105 S.Ct. 1102, 1107, 84 L.Ed.2d 90 (1985). Such a view need not be the only permissible statutory construction, but rather need simply represent a sufficiently rational one to preclude a court from substituting its judgment for that of the agency. Id. Appellees argue that the HCFA letter constitutes a "ruling" that supports the Department's definition of the word "estate" in section 14009.5.
 
 
 15
 We concur in the district court's reasoning that even if the letter represented a "ruling," it would not be entitled to the great deference of which the Court spoke in Chemical Mfrs. "because [the letter] lacks the indicia of deliberative administrative review." Citizens Action League, 670 F.Supp. at 876. The district court noted that the subject matter of the letter is not one in which the agency possesses specialized expertise or one which was beyond judicial competence; indeed, the letter discusses statutory construction of a legal term, a task particularly well-suited for courts. Id. at 876-77. In addition, the court found that "the letter appears to have been written for the purposes of this litigation only," and thereby concluded that its pronouncements are not ones of long standing. Id. at 877. Indeed, the letter is dated September 4, 1986, some six months after the commencement of appellants' action. In contrast, the "ruling" at issue in Chemical Mfrs. was a regulation that had remained relatively unchanged in its interpretation of the statute for nearly seven years since the agency's original promulgation. Chemical Mfrs., 470 U.S. at 124 n. 10, 134, 105 S.Ct. at 1107 n. 10, 1112.
 
 
 16
 Despite its conclusions that the HCFA letter is not entitled to judicial deference to a degree sufficient to compel a judgment in appellees' favor and that the common law meaning of "estate" supports appellants, the district court nonetheless proceeded to order judgment for appellees. It premised its judgment primarily upon the rationale that appellants' position calls for the preclusion of recoupment based on what it found to be a technical and easily-manipulated distinction. That is, the court found that the congressional policy of encouraging at-home care is not equitably implemented when the only care providers to be shielded from recoupment are those who have been "shrewd enough to enter into a joint tenancy with a Medi-Cal recipient during his or her life." Citizens Action League, 670 F.Supp. at 878. Those who would escape such recoupment "may be relatively well-off, or else have provided little in the way of medical or other care to the recipient." Id. On the other hand, the court asserted, "individuals who provide live-in care to elderly Medi-Cal patients but who are not shrewd enough to enter into a formal joint tenancy will be subject to claims for recovery upon any portion of the estate of the deceased recipient obtained through a will or intestacy." Id. It apparently decided that because the congressional policy objective would not be effectuated as to all in the class (or as to those at-home providers who succeed to the recipient's property via probate), it should not be effectuated as to any.
 
 
 17
 The district court's rationale in this regard presupposes that appellants entered into joint tenancy for reasons of "shrewdness." To the extent it is relevant, however, the evidence in the record does not support such a broad generalization. On the contrary, it appears that many of those in the appellant class became joint tenants with the now-deceased recipients under arrangements that Congress wanted to encourage under which at-home care services were prohibited in exchange for a place to live, both during the provision of care and after the recipient's death. Indeed, even as to those who might have entered and will enter into joint tenancy merely for reasons of "shrewdness," there is nothing improper or inappropriate.
 
 
 18
 The district court also appeared to be concerned that to rule for appellants would be to allow for the recoupment exception to be "swallowed" by the joint tenancy "exception-to-the-exception." Nevertheless, this is precisely what Congress provided; the authors of the provision could easily have made clear their intent to include joint tenants. See Gilbert, 370 U.S. at 658-59, 82 S.Ct. at 1403-04 ("Of course, Congress could broaden the concept of 'federal' forgery by statutory definition. We hold only that it has not yet done so"). Congress has made the policy decision and individuals affected are certainly entitled to rely on it, even in the face of state action contrary to congressional intent.
 
 III
 
 19
 Because "estate" under common law does not include property formerly held in joint tenancy, and because the HCFA letter is not compelling on this issue, we conclude that the California statute is impermissibly broad and is inconsistent with federal Medicaid law.
 
 
 20
 REVERSED.
 
 CANBY, Circuit Judge, dissenting:
 
 21
 As the majority has made clear, there is some doubt what Congress meant when it permitted a state to recover benefits properly paid to a person over age 65 from that person's "estate." 42 U.S.C. Sec. 1396p(b)(1)(B). The common law definition of "estate," which the majority adopts, imposes on the states a system that makes recovery depend on a technical distinction that has nothing necessarily to do with the purposes of the Medicaid program or of the exception permitting recovery of benefits furnished to persons over age 65. As the district court pointed out, an heir that furnishes nursing assistance to a Medicaid recipient in return for a bequest of the recipient's residence will be subject to a claim by the state. A joint tenant who has rendered no services and is not in need will be subject to no such claim when he or she takes the residence by survivorship. Whether the state may seek its recovery depends on a legal formality, not on any distinction rationally related to Congress' purposes.
 
 
 22
 California's interpretation of section 1396p(b)(1)(B), supported by the Secretary of Health and Human Services, eliminates this irrationality by permitting recovery from heirs and joint tenants alike. When hardship is involved, the State makes allowances for that exigency across the board, regardless whether an heir or joint tenant is involved. Thus, California's statute does not apply at all when the recipient passes a residence to a surviving spouse, or minor or disabled children. When enforcement of the state's statute against heirs or survivors would cause substantial hardship, the Department has authority, which it has exercised, to waive its claim in whole or part. California also asserts that it does not enforce its claims to deprive the heir or joint tenant of a residence; the state accepts a lien enforceable only at sale.
 
 
 23
 Because a broad definition of "estate" permits California to administer a rational system of recovery, and the common law definition does not, I would opt for the former. The goal of statutory interpretation is to further, in as sensible a fashion as possible, the congressional purposes behind the statute. California's construction, supported by the Secretary, does that. The common law definition does not. I would affirm.
 
 
 
 *
 Louis W. Sullivan is substituted for his predecessor, Otis R. Bowen, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 While appellants presented seven separate claims in their complaint, the district court directed the entry of final judgment only as to one such claim under Fed.R.Civ.P. 54(b). Thus, only appellants' request for a writ of mandate enjoining operation of section 14009.5, based on the allegation that its operation violates provisions of the Medicaid law, is properly before us on appeal
 
 
 [2]
 Specifically, the class as certified includes California residents or landowners who "(1) have succeeded or will succeed to real property through right of survivorship upon the death of a Medi-Cal recipient; (2) have been or will be subject to a claim pursuant to Welfare & Inst.Code Sec. 14009.5 for recoupment or recovery from said property of Medi-Cal benefits correctly paid to the decedent."
 
 
 [3]
 Indeed, even the language of the California statute itself distinguishes between "the estate of the decedent" and property that passes by way of "distribution or survival." Cal.Welf. & Inst.Code Sec. 14009.5 (authorizing Department to "claim against the estate of the decedent, or against any recipient of the property of that decedent by distribution or survival an amount equal to the [Medi-Cal] payments received")
 
 
 [4]
 The number who have entered into joint tenancies to avoid recoupment of Medi-Cal benefits would seem to be negligible at present, however, given the fact that the California statute as written does not allow joint tenants to escape recovery. Cal.Welf. & Inst.Code Sec. 14009.5