134 Cal.Rptr.2d 120 (2003)
108 Cal.App.4th 800
David Jay FITCH, a Minor, etc., et al., Plaintiffs and Respondents,
v.
SELECT PRODUCTS COMPANY et al., Defendants,
State Department of Health Services, Claimant and Appellant.
No. E028592.
Court of Appeal, Fourth District, Division Two.
April 18, 2003.
As Modified May 14, 2003.
Bill Lockyer, Attorney General, James Humes, Senior Assistant Attorney General, John H. Sanders, Supervising Deputy Attorney General, and John Venegas, Deputy Attorney General, for Claimant and Appellant.
Andrews & Hensleigh and Joseph Andrews, Los Angeles, for Plaintiffs and Respondents, Dianne Fitch, as Guardian ad Litem for David Jay Fitch and Kaci Dee Fitch and Bonnie Ann Fitch, individually.

OPINION
GAUT, J.

1. Introduction

When Medi-Cal has provided medical services to an indigent beneficiary, can the California Department of Health Services (Department) obtain reimbursement from the recovery made by the beneficiary's survivors in a wrongful death action? The short answer is, yes.
Nearly 10 years ago, Elan Jay Fitch died in September 1993 at age 43 leaving a wife and three children. As required by state and federal law, the Department, on *121 behalf of California taxpayers, must seek reimbursement for the cost of medical services provided to the decedent. We hold reimbursement is recoverable from the settlements and judgment obtained by decedent's survivors in their wrongful death action. We reverse the trial court's ruling striking the Department's Medi-Cal lien.

2. Factual and Procedural Background

In 1995, on behalf of the three children, decedent's widow, Dianne Fitch (Fitch) sued defendants for damages from the wrongful death of their father, as caused by a carcinogenic floor coating product. Fitch's individual claim was barred by the statute of limitations.
In 1998, Fitch settled the worker's compensation claim against her husband's employer, the Southland Corporation, for $30,000, minus attorney's fees of $4,500. As part of the settlement, Southland agreed to "pay, adjust, or litigate" a lien in the amount of $106,700.40, asserted by the Department for the cost of medical care provided to the decedent. Southland settled with the Department for $40,000 without prejudice to the Department's "rights to pursue reimbursement/recovery in any third party claim by applicant [Elan Jay Fitch and Dianne Fitch]. This stipulation is for workers compensation purposes only and it is stipulated that it does not affect the state's rights in any and all third party claims of applicant on deceased's estate." In 1999, the Department reasserted its Medi-Cal lien in the present case in the amount of $66,975.98, $106,975.98 minus the $40,000 settlement.
In March 2000, plaintiff children moved to strike the Medi-Cal lien. Judge Christopher J. Warner denied the motion, ruling the Worker's Compensation Appeals Board (WCAB) has exclusive jurisdiction over a worker's compensation medical lien and the court did not have the power to strike it. He also proposed the Department should waive the lien. In a subsequent hearing, the WCAB declined to assert jurisdiction over the Medi-Cal lien asserted in the civil action.
Also in March 2000, plaintiffs applied to the Department for a hardship waiver under Welfare and Institutions Code section 14124.71, subdivision (b).[1] The Department denied the application but offered to settle for $33,393.86. Apparently plaintiffs refused the Department's settlement offer.
In August 2000, during trial before Judge James A. Edwards of the wrongful death action, the court ruled defendant Select Products Company could not be liable in damages to the plaintiff children for the amount of the Medi-Cal lien. The jury awarded plaintiffs noneconomic damages of $1,250,000, reduced to $393,750, and economic damages of $410,000.
In November 2000, plaintiffs renewed their motion to strike the lien before Judge Warner. The trial court granted the motion, ruling the lien had, in effect, been extinguished by Judge Edwards's ruling in August and that, based on section 14009.5, the Department could not obtain reimbursement from the minor children. The Department appealed.
In December 2000, the court entered a net judgment in the amount of $682,598.50, plus interest of $67, 884.42, for plaintiffs and against defendant Select Products. Additionally, plaintiffs obtained pretrial settlements from other defendants in the amount of $221,666 and $30,000 from the worker's compensation claim for a total recovery of $1,002,148.90.
*122 In their respondent's brief, plaintiffs contend the net recovery for all three children was far less, only $573,852.12. For the purposes of discussion, we will accept that figure although it is not clearly supported by plaintiffs' citations to the record.
Using the higher figure, the Department seeks to obtain 6.8 percent of plaintiffs' total recovery. Using the lower figure, the Department seeks to obtain 11.7 percent of plaintiffs' total recovery.
The Department's petition for writ of supersedeas and stay was summarily denied in February 2001.

3. Discussion

We conduct a de novo review of issues of law.[2]
The Department is required by the federal Medicaid program and state law to seek reimbursement for Medi-Cal benefits.[3] The statutes governing third party liability for Medi-Cal benefits commence with section 14124.70. As defined by statute: "`Beneficiary' means any person who has received benefits ... because of an injury for which another person or party may be liable. It includes such beneficiary's ... estate or survivors."[4] A wrongful death action brought by survivors may be subject to a Medi-Cal lien.[5] The Department may sue directly a third party to recover the reasonable value of benefits provided.[6] The Department may also join in an action brought by a beneficiary's survivor against a third party or assert a lien in that action or against a judgment.[7] The Department may "[[c]ompromise, or settle and release any such claim" or "[w]aive any such claim ... if the ... collection would result in undue hardship ... in a wrongful death action upon the heirs of the deceased."[8] Medi-Cal reimbursement is limited to one-half the beneficiary's recovery after deducting attorney's fees, litigation costs, and medical expenses.[9]
Under these statutes, the Department had a clear right and obligation to assert a Medi-Cal lien in plaintiffs' wrongful death action for reimbursement of the value of benefits provided to Elan Jay Fitch. In numerous variations on the theme, plaintiffs repeatedly argue the Department could only get reimbursement directly from the third party defendants in the wrongful death case and not from plaintiffs. But a number of California cases have recognized the statutory rights of the Department to recover "monies spent to treat indigent tort victims" from personal injury or wrongful death judgments, settlements and awards.[10] Cases from other jurisdictions have also confirmed wrongful death recoveries are subject *123 to medical liens.[11] The trial court did not have the discretion to strike the lien.[12]
Plaintiffs' reliance on Shelton v. Fresno Community Hospital[13] and section 14009.5, prohibiting reimbursement from an estate passing to a surviving child under age 21, is misplaced. In its ruling the trial court did not recognize that section 14009.5 applies to estates only and does not apply to exclude settlements or damages received in a wrongful death action.[14] In Shelton, a father and son brought a wrongful death action on behalf of their wife and mother. The court held their recovery was not part of the decedent's estate. Therefore, it was not exempt from the Department's reimbursement claim.
Plaintiffs' other efforts to distinguish Shelton are not persuasive. Plaintiffs interpret sections 14124.71 and 14124.72 to mean only that the death of a beneficiary does not alter the Department's right of direct action, and the Department can decide to forgo its direct claim in the event of a wrongful death action. But accepting plaintiffs' interpretation of these statutes does not mean the Department is prohibited from obtaining reimbursement from the wrongful death recovery of a beneficiary's survivors, especially in view of the specific provisions of section 14124.72, subdivision (c): "When an action or claim is brought by persons entitled to bring such actions or assert such claims against a third party who may be liable for causing the death of a beneficiary, any settlement, judgment or award obtained is subject to the director's right to recover from that party the reasonable value of the benefits provided to the beneficiary under the Medi-Cal program ...."
Nor was the Medi-Cal lien invalid because plaintiffs could not recover from Select Products the value of the medical expenses provided to their father. Medical expenses are not recoverable in a wrongful death action[15] but the Department has a statutory right to recovery for Medi-Cal expenses from a settlement, judgment, or award for wrongful death.[16]
Plaintiffs also fail in their argument that worker's compensation law bars the Department from being reimbursed for the value of indigent medical services. Plaintiffs maintain the WCAB has exclusive jurisdiction over the Medi-Cal lien (although the Board refused to accept jurisdiction). But Labor Code sections 4600 through 4605, inclusive, 5300, and 5304, as cited by plaintiffs apply to medical treatment and compensation received as part of worker's compensation benefits. Plaintiffs present no pertinent authority to show that the worker's compensation statutes apply to a Medi-Cal lien for reimbursement from a wrongful death recovery in a civil action. None of the cases cited by plaintiffs involve Medi-Cal liens.[17]
*124 As to plaintiffs' contention that the Department is violating the Supremacy Clause by applying state law in a manner inconsistent with federal law, we entirely disagree. Title 42, sections 1396a and 1396p of the United States Code expressly permit the lien procedures followed here. The cases cited by plaintiffs are not on point and do not involve Medi-Cal liens against wrongful death recovery.[18]

4. Disposition

We reverse the trial court's ruling striking the Department's Medi-Cal lien. As prevailing party, the Department is awarded its costs on appeal.
We concur: McKINSTER, Acting P.J., and RICHLI, J.
NOTES
[1] All statutory references are to the Welfare and Institutions Code except as otherwise stated.
[2] Fukuda v. City of Angels (1999) 20 Cal.4th 805, 85 Cal.Rptr.2d 696, 977 P.2d 693.
[3] 42 United States Code sections 1396a, subdivision (a)(25) and 1396p, subdivisions (b)(1)(A).
[4] Section 14124.70, subdivision (b).
[5] Section 14124.72, subdivision (c); Shelton v. Fresno Community Hospital (1985) 174 Cal. App.3d 39, 44, 219 Cal.Rptr. 722.
[6] Section 14124.71, subdivision (a).
[7] Sections 14124.73 and 14124.74; Palumbo v. Myers (1983) 149 Cal.App.3d 1020, 1029, 197 Cal.Rptr. 214.
[8] Section 14124.71, subdivision (b)(1), (2).
[9] Section 14124.78.
[10] Wright v. Department of Benefit Payments (1979) 90 Cal.App.3d 446, 452-453, 153 Cal. Rptr. 474; Brown v. Stewart (1982) 129 Cal. App.3d 331, 342, 181 Cal.Rptr. 112; Kizer v. Ortiz (1990) 219 Cal.App.3d 1055, 268 Cal. Rptr. 666; State of California v. Superior Court (2000) 83 Cal.App.4th 597, 602-603, 99 Cal.Rptr.2d 735.
[11] Walker v. District of Columbia (D.C.1996) 682 A.2d 639, 639; Young v. Columbia Southwestern Medical Center (Okl.Civ.App.1998) 964 P.2d 987; Department of Public Welfare v. Tyree (Ind.1989) 540 N.E.2d 18.
[12] Brown v. Stewart, supra, 129 Cal.App.3d at page 341, 181 Cal.Rptr. 112 Kizer v. Ortiz, supra, 219 Cal.App.3d at page 1061, 268 Cal. Rptr. 666.
[13] Shelton v. Fresno Community Hospital, supra, 174 Cal.App.3d 39, 219 Cal.Rptr. 722.
[14] Shelton v. Fresno Community Hospital, supra, 174 Cal.App.3d at pages 44-45, 219 Cal. Rptr. 722.
[15] Parker v. Superior Court (1985) 175 Cal. App.3d 1082, 1087, 223 Cal.Rptr. 292.
[16] Section 14124.72, subdivision (c).
[17] Granado v. Workmen's Comp.App. Bd. (1968) 69 Cal.2d 399, 71 Cal.Rptr. 678, 445 P.2d 294; Bell v. Samaritan Medical Clinic, Inc. (1976) 60 Cal.App.3d 486, 131 Cal.Rptr. 582; Fox v. Workers' Comp. Appeals Bd. (1992) 4 Cal.App.4th 1196, 1204, 6 Cal. Rptr.2d 252; Fisk v. Workers' Comp. Appeals Bd. (1993) 20 Cal.App.4th 1078, 25 Cal. Rptr.2d 174.
[18] Citizens Action League v. Kizer (1989) 887 F.2d 1003; Dalzin v. Belshe (1997 N.D.Cal.) 993 F.Supp. 732.