134 Cal.Rptr.2d 683 (2003)
109 Cal.App.4th 332
Jonathan D. Arrieta BUSTAMONTE, a Minor, etc., Plaintiff and Appellant,
v.
Carlos FLORES, Defendant and Appellant, Diana M. Bonta; as Director, etc., Claimant and Respondent.
No. B156613.
Court of Appeal, Second District, Division Three.
May 30, 2003.
Review Granted August 20, 2003.
*684 Thon, Beck, Vanni, Phillipi & Nutt and Brian C. Nutt, Pasadena, for Plaintiff and Appellant.
Horvitz & Levy, Encino, S. Thomas Todd, Poway, Holly R. Paul, Encino, Jorje Chica; Bonne Bridges, Mueller, O'Keefe & Nichols and Ted O'Leary, for Defendant and Appellant Carlos Flores.
Bill Loekyer, Attorney General, John H. Sanders, Supervising Deputy Attorney General, Karen Ackerson-Brazille, Deputy Attorney General, for Respondent Director of the State Department of Health Services.
Certified for Partial Publication.[*].
KLEIN, P.J.
Defendant and appellant Carlos Flores, M.D. (Dr. Flores) appeals a judgment in favor of plaintiff and respondent Jonathan D. Arrieta Bustamonte, by and through his guardian ad litem Roque Arrieta (Jonathan or plaintiff) following a jury trial of a wrongful death action.
Jonathan also appeals, seeking review of a postjudgment order denying his motion to extinguish a Medi-Cal lien by lien claimant and respondent Director of the State Department of Health Services (the Department).
We affirm the judgment but reverse the postjudgment order, concluding the Medi-Cal lien on Jonathan's recovery is improper. Welfare and Institutions Code section 14124.72 provides in relevant part at subdivision (c): "When an action or claim is brought by persons entitled to bring such actions or assert such claims against a third party who may be liable for causing the death of a beneficiary, any settlement, judgment or award obtained is subject to the director's right to recover from that party the reasonable value of the benefits provided to the beneficiary under the Medi-Cal program...." (Italics added.) Jonathan was not a person entitled to bring an action or assert a claim to recover decedent's medical expenses. The person who was so entitled was the decedent's personal representative. (Code Civ. Proa, §§ 377.30, 377.34.) The Department's lien on Jonathan's recovery is predicated on the assumption that Jonathan had the right and therefore the obligation to sue for decedent's medical expenses. Because the right to sue for decedent's medical expenses rested in the personal representative, not in Jonathan, the judgment which Jonathan obtained is not subject to the Department's right to recover Medi-Cal benefits it paid on behalf of decedent's care.

FACTUAL AND PROCEDURAL BACKGROUND

*685 1. Facts.[1]
Dr. Flores failed to diagnose preeclampsia in Jonathan's mother, Avelina Bustamonte (decedent), ultimately causing her death. Preeclampsia is not rare. It is one of the most common causes of maternal death in the United States.
Decedent first saw Dr. Flores on March 23, 1999, when she was 32 weeks pregnant, with an expected delivery date of May 13. Dr. Flores again saw decedent on May 4, 11 and 13.
As of May 4, 1999, decedent had protein in her urine. By definition, she had proteinuria, which is 1+ protein or greater. As of May 11, 1999, her protein had risen to 2 +. Immediately following each of those office visits, blood pressure studies were conducted on decedent. All of these blood pressure readings were abnormal. By May 11, 1999, decedent had preeclampsia, and Dr. Flores should have realized it on account of the 2+ proteinuria finding. Once preeclampsia is diagnosed, delivery of the baby is essential to protect the health of the mother.
On May 13, 1999, decedent arrived at the hospital with elevated blood pressure. Immediately prior to delivery, decedent suffered an intercerebral hemorrhage. She spent five months in a coma and died on October 29,1999, at age 32.
Delivery of the child on May 4 or 11 would have saved decedent's life.

2. Proceedings.

On September 28, 2000, Jonathan filed suit against Dr. Flores and Granada Hills Community Hospital (the hospital). The operative first amended complaint, filed February 2, 2001, pled a single cause of action against Dr. Flores and the hospital for wrongful death.[2]
The matter came to trial on November 1, 2001. The witnesses included Jonathan's medical expert, Dr. Asrat, who opined Dr. Flores should have figured out by May 11, 1999 that decedent had preeclampsia due to the finding of proteinuria of 2 + , the baby should have been delivered immediately at that juncture, and the failure to do so was a substantial factor in decedent's death.
The jury found in favor of Jonathan, based upon a finding of professional negligence on the part of Dr. Flores, which negligence resulted in the death of decedent. The jury awarded Jonathan $22,000 for past loss of household services, $130,000 for future loss of household services, and $225,000 for loss of love, companionship, comfort, affection, society, solace or moral support.
Dr. Flores moved for a new trial on various grounds, including the failure of the trial court to properly instruct the jury as to how to proceed following the seating of two alternate jurors, and the trial court's permitting Jonathan's expert, Dr. Asrat, to testify that his partner, Dr. Nageotte, agreed with his conclusion concerning when the baby should have been delivered.
The trial court denied Dr. Flores's motion for new trial. Dr. Flores filed a timely notice of appeal from the judgment.

*686 3. Proceedings relating to the Medi-Cal lien.

On July 24, 2001, about three months before the action came to trial, the Department filed a notice of Medi-Cal lien, claiming a lien of $118,274 upon the proceeds of any judgment or settlement, to recover the amount expended by the State for Medi-Cal benefits provided to decedent.
On December 14, 2001, after obtaining the verdict against Dr. Flores, Jonathan filed a motion to extinguish the lien, arguing that because his action did not include a claim for medical expenses, and no monies were awarded for medical expenses, the lien was invalid.
In response, the Department argued it is entitled to have its lien satisfied from any judgment or settlement proceeds obtained by the plaintiff.
On January 28, 2002, the motion was heard, argued and denied.
Jonathan filed a timely notice of appeal from the postjudgment order denying his motion to extinguish the lien.

CONTENTIONS
Dr. Flores contends the trial court committed prejudicial error (1) in replacing two jurors with alternates without instructing the jury to disregard its past deliberations and begin anew, and (2) in allowing Dr. Asrat, plaintiffs medical expert, to give hearsay testimony that Dr. Nageotte agreed with his opinion that Dr. Flores violated the standard of care.
Jonathan contends the trial court erred in denying his motion to extinguish the Med-Cal lien because no claim was made in the wrongful death action, and no monies were awarded, for medical expenses relating to decedent's care and treatment.

DISCUSSION

1.-2.[**]

3. The trial court erred in denying Jonathan's motion to extinguish the Medi-Cal lien; Jonathan did not have the right and therefore did not have the obligation to pursue a claim against Dr. Flores for decedent's medical expenses.

a. Proceedings.

The operative first amended complaint, filed February 2, 2001, pled a single cause of action by Jonathan for wrongful death/medical malpractice for the loss of his mother. Jonathan sought damages for "pecuniary loss resulting from the loss of the society, comfort, attention, services, and support of decedent in an amount to be ascertained at trial," as well as funeral and burial expenses. No claim was made for decedent's medical expenses.
On March 20, 2001, attorney Brian C. Nutt and his firm associated in as counsel for Jonathan. On May 9, 2001, Nutt was served by the Department with notice that Medi-Cal would be asserting a hen for medical expenses it paid on behalf of decedent. An itemization followed on May 22, 2001, indicating the lien amount was $118,274.40.
Because the Department insisted on recovering decedent's medical expenses in this action, Jonathan's counsel attempted to accommodate the Department while at the same time trying to protect Jonathan's rights. On June 11, 2001, about four months before trial, Jonathan's counsel filed a motion for leave to file a second amended complaint, adding the personal representative of decedent's estate as a plaintiff, and a proposed second cause of *687 action for recovery of decedent's medical expenses.
On July 24, 2001, the trial court denied leave to amend, finding "the proposed amendment to the complaint was time-barred by California Code of Civil Procedure Section 366.1, and that the proposed amendment did not relate back to the filing of the original complaint."
Jonathan's counsel advised the Department of the trial court's ruling and requested that the Department pursue an independent action against defendants for reimbursement of the medical expenses.[4]
The Department responded that it would continue to assert its lien on any recovery by Jonathan in this action, whether by judgment or settlement.
Thereafter, the case was tried to a jury, which awarded Jonathan $225,000 for "loss of love, companionship, comfort, affection, society, solace, or moral support," and $152,000 for past and future loss of household services. No monies were awarded for medical expenses incurred for decedent's care.
On December 14, 2001, Jonathan filed a motion to extinguish the lien, arguing the lien was invalid because the instant action did not include a claim for medical expenses and no monies were awarded for medical expenses. The Department, in turn, reiterated that it is entitled to have its lien satisfied from any judgment or settlement proceeds obtained by the plaintiff. In a postjudgment order, the trial court denied Jonathan's motion to extinguish the lien. We now review that ruling.

b. Trial court erred in denying Jonathan's motion to extinguish the Department's lien on his recovery; Jonathan lacked standing to sue for decedent's medical expenses and therefore the Department is not entitled to reimbursement of Medi-Cal benefits out of Jonathan's recovery.

Welfare and Institutions Code section 14124.72 provides in relevant part at subdivision (c): "When an action or claim is brought by persons entitled to bring such actions or assert such claims against a third party who may be liable for causing the death of a beneficiary, any settlement, judgment or award obtained is subject to the director's right to recover from that party the reasonable value of the benefits provided to the beneficiary under the Medi-Cal program...." (Italics added.) Jonathan was not a person entitled to bring an action or assert a claim to recover decedent's medical expenses, and therefore the judgment obtained by Jonathan is not subject to the Department's right to reimbursement of Medi-Cal benefits.
A cause of action "that survives the death of the person entitled to commence an action or proceeding passes to the decedent's successor in interest, ... and an action may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." (Code Civ. Proc, § 377.30.) With respect *688 to the damages that are recoverable, Code of Civil Procedure section 377.34 provides: "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death ...." (Italics added.) Thus, under the statutory scheme pertaining to a decedent's cause of action, it is the role of the personal representative to recover the damages that a decedent sustained or incurred before death, such as medical expenses.
Here, the trial court denied leave to file a second amended complaint. As a result, this lawsuit did not include a cause of action by the personal representative to recover decedent's medical expenses. Had this action included a cause of action by the personal representative for recovery of medical expenses, the Department would have been entitled to assert a lien on such recovery to recoup the value of the Medi-Cal benefits provided to decedent. However, Jonathan lacked standing to sue Dr. Flores for decedent's medical expenses because Jonathan was not decedent's personal representative. Therefore, the Department is not entitled to recoup the Medi-Cal benefits it paid on behalf of decedent's care out of Jonathan's recovery.
The Department's lien on Jonathan's recovery presupposes that Jonathan had the right and therefore the obligation to sue for decedent's medical expenses. Because the right to sue for decedent's medical expenses rested in the personal representative, not in Jonathan, the wrongful death judgment which Jonathan obtained is not subject to the Department's right to recover Medi-Cal benefits it paid on behalf of decedent's care. Accordingly, the trial court erred in denying Jonathan's motion to extinguish the lien.[5]

DISPOSITION
The judgment is affirmed. The postjudgment order denying Jonathan's motion to extinguish the lien is reversed with directions to grant the motion. Jonathan shall recover costs on appeal.
We concur: KITCHING and ALDRICH, JJ.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts 1 and 2 of the Discussion section.
[1] Pursuant to the usual rule, the evidence is set forth in the light most favorable to the judgment. (Gyerman v. United States Lines Co. (1972) 7 Cal.3d 488, 492, fn. 1, 102 Cal. Rptr. 795, 498 P.2d 1043.) Dr. Flores does not challenge the sufficiency of the evidence to support the verdict.
[2] Following the presentation of plaintiff's case, the trial court granted the hospital's motion for nonsuit.
[**] See footnote *, ante.
[4] As Jonathan's counsel indicated, the Department could have sued Dr. Flores directly. Welfare and Institutions Code section 14124.71 states in relevant part: "When benefits are provided or will be provided to a beneficiary under this chapter because of an injury for which another person is liable, . . . the director shall have a right to recover from such person . . . the reasonable value of benefits so provided." The statute gives the Department a direct cause of action against a third party who is liable for a Medi-Cal beneficiary's injury or illness, a right that is not derivative or dependent upon any right the beneficiary may have. (State of California v. Superior Court (Bolduc) (2000) 83 Cal.App.4th 597, 603, 99 Cal.Rptr.2d 735.)
[5] Fitch v. Select Products Co. (2003) 108 Cal. App.4th 800, 805, 134 Cal.Rptr.2d 120 reached the opposite conclusion, holding that irrespective of the fact that medical expenses are not recoverable in a wrongful death action, the Department is entitled under Welfare and Institutions Code section 14124.72, subdivision (c), to recover the Medi-Cal expenses it provided for a decedent's care from a settlement, judgment, or award for wrongful death. We respectfully disagree with Fitch. It appears that decision failed to give due consideration to the qualifying phrase: "When an action or claim is brought by persons entitled to bring such actions or assert such claims against a third party who may be liable for causing the death of a beneficiary...." (Welf. & Inst.Code, § 14124.72, subd. (c), italics added.) A plaintiff who is not entitled to bring an action for recovery of a decedent's medical expenses should not have his or her recovery reduced by the amount of the Medi-Cal benefits provided for a decedent's care. Further, to read the statute as Fitch did, allowing the Department to recoup Medi-Cal benefits it provided to a decedent out of monies recovered by a plaintiff in a wrongful death action, raises constitutional issues that, in view of our holding, we need not reach.