**Linda ASENCIO, an individual,
Plaintiff—Appellant,**

v.

**MILLER BREWING COMPANY,
Defendant—Appellee.**

No. 03–56976.

D.C. No. CV–02–07317–SJO.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 16, 2005.*

Decided Oct. 13, 2005.

Lloyd C. Ownbey, Jr., Law Offices of Lloyd C. Ownbey, Jr., Pasadena, CA, for Plaintiff–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Paul J. Coady, Winston & Strawn LLP, Los Angeles, CA, for Defendant–Appellee.

Before GRABER, McKEOWN, and W. FLETCHER, Circuit Judges.

### MEMORANDUM**

Linda Asencio appeals the district court's grant of summary judgment to Miller Brewing Company. We affirm the grant of summary judgment as to the claims Asencio brings under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*, but we reverse and remand the grant of summary judgment as to the claim under the California Unfair Competition Law, Cal. Bus. & Prof.Code § 17200 *et seq.*

■ A prerequisite to filing a civil complaint under FEHA is obtaining a right-to-sue letter from the Department of Fair Employment and Housing ("DFEH"). *See* Cal. Gov't Code § 12965(b) (providing that the right-to-sue notice "shall indicate that the person claiming to be aggrieved *may* bring a civil action") (emphasis added); *Romano v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 59 Cal.Rptr.2d 20, 926 P.2d 1114, 1121 (1996) (stating that an employee suing pursuant to FEHA "must obtain from the [DFEH] a notice of right to sue in order to be entitled to file a civil action"); *Rojo v. Kliger*, 52 Cal.3d 65, 276 Cal.Rptr. 130, 801 P.2d 373, 384 (1990) ("[W]e have stated that the right-to-sue letter is a prerequisite to judicial action."). Because Asencio did not obtain a right-to-sue letter from the DFEH until after she filed her civil complaint, we affirm the grant of summary

judgment on her discrimination and retaliation claims, both brought under FEHA.

■ The district court erred as a matter of law by finding that Asencio's section 17200 claim failed because she had not timely obtained a right-to-sue notice for her FEHA claims. Section 17200 prohibits unfair competition, which includes "any unlawful, unfair *or* fraudulent business act or practice." Cal. Bus. & Prof.Code § 17200 (emphasis added). Thus, while a section 17200 claim may be based on conduct that is "a business practice and that at the same time is forbidden by law," *Barquis v. Merchs. Collection Ass'n of Oakland, Inc.*, 7 Cal.3d 94, 101 Cal.Rptr. 745, 496 P.2d 817, 830 (1972) (internal quotation marks omitted), the disjunctive statutory text makes clear that a claim may also be predicated on "a practice that may be deemed unfair even if not specifically proscribed by some other law," *Cel–Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527, 540 (1999). Even if Asencio cannot successfully establish a FEHA violation, she may still prove that Miller's conduct constituted an "unfair" business practice. In addition, a failure to exhaust administrative remedies under FEHA does not automatically preclude a section 17200 claim based on FEHA violations. *See Farmers Ins. Exch. v. Superior Court*, 2 Cal.4th 377, 6 Cal.Rptr.2d 487, 826 P.2d 730, 739, 746 (1992) (staying a section 17200 claim that was based on statutory claims that had not been exhausted pending administrative resolution). Asencio may still have a valid claim for an "unlawful business practice." Accordingly, we remand Asencio's section 17200 claim to the district court for further consideration.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

578

AFFIRMED in part, REVERSED and REMANDED in part. Each party shall bear its own costs on appeal.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.