[No. B056132. Second Dist., Div. Three. July 23, 1991.]

DEPARTMENT OF HEALTH SERVICES, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
TORRANCE MEMORIAL HOSPITAL, Real Party in Interest.

**COUNSEL**

Daniel E. Lungren, Attorney General, Charlton G. Holland, Assistant Attorney General, John H. Sanders and Y. Tammy Chung, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Joy Young-Stephenson for Real Party in Interest.

## OPINION

## DANIELSON, J.—

### INTRODUCTION

In 1965, Congress established the federal Medicaid program, "a cooperative federal-state health benefits assistance program designed to provide necessary medical services to low income persons. Title XIX of the Social Security Act, codified at 42 U.S.C. § 1396 et seq. ('the Act'); see also *Schweiker* v. *Gray Panthers*, 453 U.S. 34, 36-37, 101 S.Ct. 2633, 2636-2637, 69 L.Ed.2d 460 (1981). State governments principally administer the program, and in so doing must abide by the requirements of the Act to qualify for receipt of federal Medicaid funds. *Beltran* v. *Myers*, 701 F.2d 91, 92 (9th Cir.), cert. denied sub nom., *Rank* v. *Beltran*, 462 U.S. 1134, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983). California participates in the Medicaid program through its California Medical Assistance Program ('Medi-Cal'), which provides medical services to aged, disabled, and needy persons. Cal. Welf. & Inst. Code §§ 14005.1, 14050.1, 14051 . . .; see generally *Lynch* v. *Rank*, 747 F.2d 528 (9th Cir.1984), modified, 763 F.2d 1098 (9th Cir. 1985)." (*Citizens Action League* v. *Kizer* (9th Cir. 1989) 887 F.2d 1003, 1005.)

At the federal level, the Secretary of Health and Human Services is responsible for the administration of federal grants-in-aid for state programs (42 U.S.C. § 1396). Immediate responsibility at the federal level has been assigned to the Health Care Financing Administration, Department of Health and Human Services. The California Department of Health Services (the Department) administers the program at the state level (Welf. & Inst. Code, § 10721; 22 Cal. Code Regs., tit. 22, § 50004), while county welfare offices (the County) provide most of the direct services to Medi-Cal beneficiaries. (Welf. & Inst. Code, § 14100 et seq.; Cal. Code Regs., tit. 22, § 50101.)

In this case concerning the confidentiality of the Department's records with respect to applicants for Medi-Cal benefits, the Department seeks a writ of prohibition to restrain enforcement of a discovery order requiring disclosure of its records concerning an unsuccessful applicant for benefits, to Torrance Memorial Hospital (the Hospital), provider of health services to the applicant. We grant the petition.

### FACTS

On July 18, 1990, the Hospital filed a first amended petition for writ of mandate and a complaint for Medi-Cal reimbursement against the Depart-

ment, alleging that from September 19, 1986, to October 8, 1986, the Hospital rendered medically necessary services to a patient, Dorothy C. (the patient), who was indigent and had no medical insurance.

The Hospital alleged that a year later, on September 3, 1987, the patient filed an application for Medi-Cal benefits, which was denied by the County. Following a fair hearing (Welf. & Inst. Code, § 10950 et seq.; Cal. Code Regs., tit. 22, § 50951 et seq.), the Department denied the application in a decision dated July 26, 1988.[1]

The Hospital claimed the patient was in fact entitled to receive full payment from the Department for the reasonable value of the medical services provided, which amounted to $34,836.80, and the Department was indebted to the Hospital in that amount.

In a second cause of action, the Hospital alleged the Department breached the contract pursuant to which the Hospital agreed to provide medical services to designated patient beneficiaries covered by the Medi-Cal Program, and the Department agreed to pay, upon submission of a claim for payment, the reasonable value of the medical services provided by the Hospital to such persons.

In a third cause of action, the Hospital sought equitable relief from any failure on its part to perform any covenant, condition or promise set forth in its agreement with the Department.

In its fourth cause of action, the Hospital sought a writ of mandate pursuant to Code of Civil Procedure sections 1085 and 1094.5, compelling the Department to set aside its final decision denying the patient eligibility for Medi-Cal benefits.

---

[1]The patient's original application, which sought only prospective benefits, was made on her behalf by a relative on October 10, 1986. The Department determined she was eligible to receive benefits, with a disability onset date of October 1986.

The application of September 3, 1987, was for retroactive benefits for the month of September 1986, and was made by Joy Young-Stephenson, described in the Department's decision as the patient's authorized representative. The application was denied because the authorized representative failed to complete the necessary forms. At the fair hearing, the county claimed new forms were necessary because the patient's initial forms were no longer in the case record, and in any event, the County's disability evaluation division would not accept MC 220 forms authorizing release of information more than one year old.

In July 1989, a petition for writ of mandate was filed on the patient's behalf by Joy Young-Stephenson, acting as her attorney, challenging the Department's decision denying her retroactive Medi-Cal eligibility application for the month of September 1986. The Department apparently refused to acknowledge receipt of service of the petition on the ground that Joy Young-Stephenson was not the attorney of record in the case. The Hospital, represented by the same attorney, then filed the instant first amended petition and complaint, challenging the Department's decision in its own name.

The fifth and final cause of action sought an award of attorney fees.

The record shows that in the course of discovery, the Hospital demanded production of "[a]ll medical reports, memoranda, notes, Medi-Cal applications, Disability Evaluation Division (DED) Reports, MC 210, MC 221, MC 223, MC 220 and other documents relating to or referring to the claimant, Dorothy C. . . . ." The Department objected to this request on the ground, inter alia, that it "is prohibited by law, both state and federal, from disclosing documents containing confidential information regarding an applicant for Medi-Cal benefits without specific authorization from the applicant."

The Hospital's motion to compel further response to its demand was granted by the court following a hearing held on January 14, 1991.

## CONTENTIONS

The Department contends the trial court lacked jurisdiction to order the Department to produce confidential documents in violation of Welfare and Institutions Code section 14100.2 and federal regulations.

The Hospital contends the relevant statutes and regulations permit the release of Medi-Cal applicant information to a provider who has brought a civil action to (1) compel the Department to establish eligibility for the applicant to whom the provider has rendered medical services, and (2) obtain reimbursement from the Department for medical services to the applicant. The Hospital also contends a provider is not required to obtain a patient's consent to obtain access to such information. Finally, the Hospital contends there are compelling state interests necessitating the release of the information requested by the provider herein.

## DISCUSSION

The trial court found "that Welfare and Institutions Code [section] 14100.2 provides that the information being asked about does fall into the category of confidential information, but that the exceptions set forth in [section] 14100.2 [subdivisions] (a) and (c) apply in this case to the type of discovery being undertaken by the plaintiff/petitioner."

Welfare and Institutions Code section 14100.2 provides, in subdivision (a): "All types of information, whether written or oral, concerning a person, made or kept by any public officer or agency in connection with the administration of any provision of this chapter, Chapter 8 (commencing with Section 14200), or Chapter 8.7 (commencing with Section 14520) and for

which a grant-in-aid is received by this state from the United States government pursuant to Title XIX of the Social Security Act shall be confidential, and shall not be open to examination other than for purposes directly connected with the administration of the Medi-Cal program."[2] (Fn. omitted; see 42 U.S.C. § 1396a(a)(7); 42 C.F.R. § 431.300.)

Welfare and Institutions Code, section 14100.2, subdivision (c) provides that "Purposes directly connected with the administration of the Medi-Cal Program, Chapter 8 . . . or Chapter 8.7 . . . encompass those administrative activities and responsibilities the State Department of Health Services and its agents are required to engage in to insure effective program operations. Such activities include but are not limited to: establishing eligibility and methods of reimbursement; determining the amount of medical assistance; providing services for recipients; conducting or assisting an investigation, prosecution, or civil or criminal proceeding related to the administration of the Medi-Cal Program; and conducting or assisting a legislative investigation or audit related to the administration of the Medi-Cal Program."[3] (See 41 C.F.R. § 431.302.)

In an information memorandum dated June 22, 1978, to state agencies administering medical assistance programs, the Health Care Financing Administration, which, as stated above, is the federal agency charged with overseeing state Medicaid programs, defined "administration of the program" as encompassing "those administrative activities and responsibilities which States are required to engage in to ensure effective program operation. Such activities include determining eligibility and methods of reimbursement, processing claims, conducting fair hearings, arranging for interagency agreements, ensuring the availability of transportation, conducting outreach, and similar activities. Since Medicaid is not involved in providing medical services, the provision of such services is not considered to be directly

---

[2]Subdivision (b) of Welfare and Institutions Code section 14100.2 provides, "Except as provided in this section and to the extent permitted by federal law or regulation all information about applicants and recipients as provided for in subdivision (a) to be safeguarded includes, but is not limited to, names and addresses, medical services provided, social and economic conditions or circumstances, agency evaluation of personal information, and medical data, including diagnosis and past history of disease or disability."

[3]The Department is authorized by subdivision (f) to "make rules and regulations governing the custody, use and preservation of all records, papers, files and communications pertaining to the administration of the laws relating to the Medi-Cal Program . . . . The rules and regulations shall be binding on all departments, officials and employees of the state, or of any political subdivision of the state and may provide for giving information to or exchanging information with . . . agencies, public or private, which are engaged in planning, providing or securing such services for or in behalf of recipients or applicants; and for making case records available for research purposes, provided, that such research will not result in the disclosure of the identity of applicants for or recipients of such services." (Welf. & Inst. Code, § 14100.2.)

connected with the administration of the program. Consequently, service providers are not considered to be directly connected with the administration of the program and are not entitled to confidential information, including lists of names and addresses of Medicaid recipients, without informed consent."

■ " '[T]he interpretation of an agency charged with the administration of a statute is entitled to substantial deference.' [Citation.] Moreover, the agency's construction need not be the only reasonable one in order to gain judicial approval." (*Connecticut Dept. of Income Maint.* v. *Heckler* (1985) 471 U.S. 524, 532 [85 L.Ed.2d 577, 583-584, 105 S.Ct. 2210]; fn. omitted; see also *Citizens Action League* v. *Kizer, supra,* 887 F.2d 1003,1007; *Continental Ins. Co.* v. *Crockett* (1985) 177 Cal.App.3d Supp. 12, 29 [223 Cal.Rptr. 772], and cases there cited.)

■ Title 22, California Code of Regulations, section 50111, provides "(a) The county department shall adhere to the requirements in Divisions 19 and 23, Manual of Policies and Procedures, Department of Social Services, governing: . . . (2) Confidentiality of case records. . . ." Division 19 provides, in subdivision 19-005: "Information relating to eligibility that was provided solely by the applicant/recipient contained in applications and other records made or kept by the county . . . in connection with the administration of the . . . program shall be open to inspection by the applicant/recipient or his/her authorized representative. . . . For purposes of this section, an authorized representative is a person or group who has authorization from the applicant/recipient to act for him/her. . . . Except as otherwise provided, all authorizations are to be written. [¶] Written authorizations shall be dated and shall expire one year from the date on which they are given . . . ."

In our case, the Hospital is not the recipient or applicant (Cal. Code Regs., tit. 22, § 50021),[4] and does not purport to be the patient's authorized representative. The Hospital is thus not entitled to inspect the county's records relating to the patient's eligibility.[5]

---

[4]Title 22, California Code of Regulations, section 50021 defines "applicant" as "the individual or family making, or on whose behalf is made, an application, request for restoration of aid or reapplication."

[5]According to the Department, there are at least 11 cases pending against it in the superior courts of this state, wherein various hospitals seek to litigate the eligibility of their patients for Medi-Cal benefits. In each such case, the Department has raised, or will raise, the issue of the hospital's standing to inject itself into the eligibility process without proper authorization by the patient.

Only the applicant or recipient has the right to a fair hearing following the county's denial of Medi-Cal benefits (Welf. & Inst. Code, § 10950), and to review of the Department's decision pursuant to Code of Civil Procedure section 1094.5 (Welf. & Inst. Code, § 10962).

The Hospital contends it is nonetheless entitled to inspect the subject records, citing the state's obligation to establish a scheme for reimbursing health care providers for medical services provided to needy individuals (42 U.S.C. § 1396a(13)), and *Wilder* v. *Virginia Hospital Assn.* (1990) 496 U.S. 498 [110 L.Ed.2d 455, 110 S.Ct. 2510], where the court stated with respect to this provision of the statute, known as the Boren Amendment: "There can be little doubt that health care providers are the intended beneficiaries of the Boren Amendment. The provision establishes a system for reimbursement of providers and is phrased in terms benefiting health care providers: it requires a state plan to provide for 'payment . . . of the hospital services, nursing facility services, and services in an intermediate care facility for the mentally retarded provided under the plan.' [Citations.]" (Italics omitted.) (*Id.*, at p. __ [110 L.Ed.2d at p. 467].)

In *Wilder*, providers sued Virginia officials alleging the state plan established pursuant to the Medicaid Act violated the act because its reimbursement rates were not "reasonable and adequate," as required by the Boren Amendment. The court held providers have rights under the Boren Amendment that are enforceable in an action under 42 United States Code section 1983, which provides a cause of action for the deprivation of any rights secured by federal laws. (*Wilder* v. *Virginia Hospital Assn.*, *supra*, 496 U.S. at p. __ [110 L.Ed.2d at p. 466].)[6] ■ We believe *Wilder* is limited to those parts of the Medicaid Act having to do with reimbursement of providers for services to "beneficiaries,"[7] and has no effect on provisions relating to establishment of an applicant's eligibility for Medi-Cal benefits. Applicants, and not providers, are the intended beneficiaries of the latter provisions.

Finally, the Hospital contends that because uncompensated care is a significant problem in this state, providers must be permitted to inspect records of applicant eligibility proceedings for the purpose of challenging Department eligibility determinations. This is a problem for legislative consideration, as the comprehensive scheme of statutes and regulations presently in force does not allow such inspection.

---

[6]Welfare and Institutions Code section 14104.5 provides, in relevant part: "Notwithstanding any other provision of law, the director shall by regulation adopt such procedures as are necessary for the review of a grievance or complaint concerning the processing or payment of money alleged by a provider of services to be payable by reason of any of the provisions of this chapter. After complying with these procedures, if the provider is not satisfied with the director's decision on his or her claim, he or she may not later than one year after receiving notice of the decision, seek appropriate judicial remedies. This section shall be the exclusive remedy available to the provider of services for moneys alleged to be payable by reason of this chapter." (See also Cal. Code Regs., tit. 22, § 51015.)

[7]"Beneficiary" means a person who has been determined eligible for Medi-Cal. (Cal. Code Regs., tit. 22, § 50024.)

## DECISION

The petition for writ of prohibition is granted. Let a writ issue directing the trial court to vacate the order entered on January 14, 1991, permitting discovery of Department records, and to enter a new and different order prohibiting such discovery.

Klein, P. J., and Hinz, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied October 31, 1991. Panelli, J., was of the opinion that the petition should be granted.