**Linda ASENCIO, an individual, Plaintiff–Appellant,**

v.

**MILLER BREWING COMPANY, Defendant–Appellee.**

No. 06–56439.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2008.

Filed June 25, 2008.

---

* This Order is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Lloyd C. Ownbey, Jr., Esq., Law Offices of Lloyd C. Ownbey, Jr., Pasadena, CA, for Plaintiff–Appellant.

Paul J. Coady, Esq., Winston & Strawn, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and SINGLETON,* Senior United States District Judge.

## MEMORANDUM **

Linda Asencio appeals the district court's order entering judgment on the pleadings in favor of Miller Brewing Company ("Miller"). Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 [1] and we affirm.

---

* Honorable James K. Singleton, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Miller's argument that we lack jurisdiction because Asencio's notice of appeal was untimely is without merit. No separate document setting forth the judgment was created pursuant to Federal Rule of Civil Procedure 58(a). Asencio had 180 days within which to file a timely notice of appeal—150 days from

An exception to the law of the case doctrine allows the district court sitting in diversity to reexamine the previously decided issue when "there has been a dispositive intervening decision of an intermediate appellate state court." *See Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988). We review de novo the district court's decision to apply or disregard an intervening state court decision. *See id.* We also review de novo a motion for judgment on the pleadings. *Dunlap v. Credit Prot. Ass'n, L.P.*, 419 F.3d 1011, 1012 n. 1 (9th Cir.2005).

A previous panel of this court held that Asencio could proceed with her claims that Miller's conduct violated the unlawful and unfair prongs of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof.Code § 17200, et seq., even though Asencio was jurisdictionally barred from proceeding with her Fair Employment and Housing Act ("FEHA") claim for failing to obtain a right to sue letter before filing her complaint. *Asencio v. Miller Brewing Co.*, 152 Fed.Appx. 576, 577 (9th Cir.2005) (unpublished).

■ After the prior panel issued its decision, the California Court of Appeal decided *Bothwell v. Abbott Laboratories, Inc. (In re Vaccine Cases)*, 134 Cal.App.4th 438, 36 Cal.Rptr.3d 80 (2005). Pursuant to the reasoning in that case, Asencio's claim under the "unfair" prong of UCL must fail. Although the California Supreme Court in

*Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 83 Cal.Rptr.2d 548, 973 P.2d 527, 541–42 (1999), held that even if conduct was not unlawful, the plaintiff could maintain a UCL cause of action on the basis that the defendant's conduct was unfair, *In re Vaccine Cases* clarified that where the plaintiff alleges violations of a statute only, the "cause of action alleges unfair competition that is 'unlawful' rather than 'unfair' or 'deceptive.' " *In re Vaccine Cases*, 36 Cal. Rptr.3d at 93. Because Asencio's UCL cause of action was based solely on the alleged FEHA violations, and contained no separate allegations that Miller's conduct was unfair, her cause of action was one for unlawful, rather than unfair, business practices. *See id.* The district court therefore properly entered judgment on the pleadings in favor of Miller on Asencio's claim based on UCL's "unfair" prong.[2]

■ The district court also properly entered judgment on the pleadings in favor of Miller on Asencio's claim based on UCL's "unlawful" prong. In *In re Vaccine Cases* the court dismissed the plaintiffs' claim under the Safe Drinking Water and Toxic Enforcement Act of 1986 ("the Act") because the plaintiffs failed to comply with the mandatory pre-suit notice provision of the Act. 36 Cal.Rptr.3d at 92. Once the statutory claim was dismissed, the court

---

entry on the docket until the judgment was deemed "entered," and thirty days thereafter to file her notice of appeal. Fed. R.App. P. 4. Asencio filed her notice of appeal October 11, 2006, less than 60 days after the judgment was docketed. Her notice was timely and we have jurisdiction over her appeal. We also decline to dismiss the appeal or award other sanctions for Asencio's alleged violations of Federal Rule of Appellate Procedure 28 and 9th Cir. R. 30–1.

2. Asencio argues that *In re Vaccine Cases* is not controlling because, under *Rojo v. Kliger*, 52 Cal.3d 65, 276 Cal.Rptr. 130, 801 P.2d 373, 383 (1990), FEHA is not an exclusive remedy. The fact that a plaintiff may be able to pursue a common law cause of action based on the conduct underlying the procedurally barred FEHA claim does not mean that the plaintiff can also pursue a UCL cause of action based on the same conduct. *Rojo* says nothing about the plaintiff's ability to proceed under UCL and *In re Vaccine Cases* specifically prohibits such a cause of action.

held, there was "no statutory violation remain[ing] to provide the 'unlawful' business act or practice" for the UCL claim and the court dismissed that claim as well. *Id.* at 95. Likewise here, there was no statutory violation to provide the "unlawful" business practice for Asencio's UCL claim because Asencio's FEHA claim was dismissed for failure to obtain a right-to-sue letter. She therefore cannot proceed with her claim that Miller's conduct was "unlawful" under UCL.

AFFIRMED.