**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LETICIA CEJA-CORONA, | No. 14-16654 |
| Plaintiff - Appellant, | D.C. No. 1:12-cv-01703-AWI-SAB |
| v. | |
| CVS PHARMACY, INC., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted October 17, 2016[**]
San Francisco, California

Before: GRABER and MURGUIA, Circuit Judges, and BENNETT,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Plaintiff Leticia Ceja-Corona timely appeals the judgment in favor of Defendant CVS Pharmacies, Inc. ("CVS"). Ceja-Corona brought several claims under California's Fair Employment and Housing Act ("FEHA"), and two non-FEHA claims for wrongful termination and unfair competition, both under California law. Jurisdiction was premised on diversity. Reviewing de novo the grant of summary judgment, *Weiner v. San Diego Cty.*, 210 F.3d 1025, 1028 (9th Cir. 2000), we affirm.

1. A FEHA claim for disability discrimination requires a plaintiff to establish qualification for statutory protection. *Green v. State*, 165 P.3d 118, 123 (Cal. 2007). To do so the employee must demonstrate the ability to perform the essential functions of the job with (or without) a reasonable accommodation. *Id.* at 119. Reasonable accommodations can include restructuring current responsibilities—if essential functions are not eliminated. *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 375 (2015). Reasonable accommodations can also include reassignment to another vacant position—if such a position exists. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 803 (1999). Ceja-Corona cannot demonstrate that a reasonable accommodation was available. She has admitted that she could not perform the responsibilities of the position that she last held, or of

***The Honorable Mark W. Bennett, United States District Judge for the District of Iowa, sitting by designation.

2

the other positions that she had held. She has also failed to point to any specific vacant position to which she could have been reassigned. Ceja-Corona failed to identify facts sufficient to survive summary judgment. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). Absent a genuine issue for trial on the fact of a reasonable accommodation, Ceja-Corona's claim for disability discrimination fails. *Green v. State*, 165 P.3d 118, 126 (Cal. 2007)

2. A FEHA claim for failure to accommodate requires a plaintiff to demonstrate, among other things, that a reasonable accommodation existed. *See Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 975 (2008). Ceja-Corona's claim for failure to accommodate fails because she cannot make this demonstration.

3. California courts recognize that employees may have access to less information than their employers about vacant positions, and that this lack of access can pose a challenge for an employee during the interactive process. *Scotch v. Art Inst. of Cal.-Orange Cty., Inc.*, 173 Cal. App. 4th 986, 1018 (2009). Nonetheless, litigation allows an employee to correct that imbalance through discovery. *Nealy*, 234 Cal. App. 4th at 379. Employees bringing a claim for a failure to engage in the interactive process are therefore required to show that a reasonable accommodation existed, at least by the summary judgment stage. *Id.*

Ceja-Corona cannot establish that a reasonable accommodation existed, so this claim fails.

4. A FEHA claim for failure to prevent discrimination requires a plaintiff to demonstrate, among other things, that discrimination occurred. *See Trujillo v. N. Cty. Transit Dist.*, 63 Cal. App. 4th 280, 286, 288–89 (1998) (holding that there is no failure to prevent discrimination if discrimination did not occur). Ceja-Corona cannot establish that a reasonable accommodation existed and thus cannot establish discrimination occurred in violation of FEHA. Her claim for failure to prevent discrimination therefore fails.

5. Assuming without deciding that Ceja-Corona made out a prima facie case of retaliation, CVS offered a legitimate, non-retaliatory reason for terminating Ceja-Corona: no reasonable accommodation existed. Ceja-Corona then bore the burden to establish intentional retaliation or to show that CVS' reason was pretextual. *Scotch*, 173 Cal. App. 4th at 1021. Her retaliation claim fails because she did not meet this burden.

6. Ceja-Corona's wrongful termination claim requires a predicate violation of FEHA. *Stevenson v. Superior Court*, 941 P.2d 1157, 1158, 1171–72 (Cal. 1997); *see also Esberg v. Union Oil Co.*, 47 P.3d 1069, 1071 (Cal. 2002). Ceja-Corona's unfair competition claim also requires a predicate violation of FEHA. *See Bothwell v. Abbott Labs., Inc. (In re The Vaccine Cases)*, 134 Cal. App. 4th 438, 457 (2005).

Ceja-Corona cannot prevail on either claim because she did not establish a violation of FEHA.

**AFFIRMED.**