NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 29 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LOUISA GUTIERREZ, an individual; DEBBIE LUNA, an individual, on behalf of themselves and all persons similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BAUSCH HEALTH US, LLC, a New Jersey Limited Liability Company, FKA Valeant Pharmaceuticals North America LLC, a New Jersey Limited Liability Company; LLT MANAGEMENT LLC, <br><br> Defendants-Appellees. | No. 21-55141 <br><br> D.C. No. 3:19-cv-01345-TWR-AGS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Todd W. Robinson, District Judge, Presiding

Argued and Submitted April 8, 2024
Pasadena, California

Before: BERZON and MENDOZA, Circuit Judges, and BOLTON,** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Plaintiffs appeal the district court's dismissal with prejudice of their fifth amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and failure to allege fraud with particularity under Rule 9(b). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Tingley v. Ferguson*, 47 F.4th 1055, 1066 (9th Cir. 2022); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009), we affirm.

1.  Plaintiffs advance false advertisement claims under three California consumer protection statutes: the Consumer Legal Remedies Act ("CLRA"), the False Advertising Law ("FAL"), and the Unfair Competition Law ("UCL"). Because plaintiffs' claims are grounded in fraud, they must plead each element with particularity. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003); Fed. R. Civ. P. 9(b). This means they "must identify 'the who, what, when, where, and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent] statement, and why it is false.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alteration in original) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

Plaintiffs' fifth amendment complaint failed to meet this standard. The operative complaint is littered with descriptions of advertisements found in products and television, as well as in print magazines. But many of these advertisements are

2

unrelated to the Talcum Products at issue, or outside of the class period, or both. In the rare instance in which the complaint identifies an advertisement promoting the Talcum Products during the class period, plaintiffs fail to "demonstrate actual reliance on the allegedly deceptive or misleading statements." *Kwikset Corp. v. Superior Ct.*, 246 P.3d 877, 888 (Cal. 2011) (quoting *In re Tobacco II Cases*, 207 P.3d 20, 26 (Cal. 2009)). Despite this being plaintiffs' sixth chance to plead the relevant facts, plaintiffs fail to allege if, when, where, or how they were exposed to the allegedly misleading advertisements. Therefore, the district court did not err in finding that plaintiffs failed to allege actual reliance with particularity.

2.     Plaintiffs' inability to demonstrate actual reliance is not saved by the *In re Tobacco II Cases* exception, which holds that a plaintiff does not have to plead with an "unrealistic degree of specificity that the plaintiff relied on particular advertisements or statements," when they allege "exposure to a long-term advertising campaign." 207 P.3d at 40. California law does not "authorize an award . . . on behalf of a consumer who was never exposed in any way to an allegedly wrongful business practice." *Cohen v. DIRECTV, Inc.*, 101 Cal. Rptr. 3d 37, 48 (Ct. App. 2009). Plaintiffs fail to plead facts establishing that they themselves were exposed to or relied on a long-term advertising campaign that carried on into the class period. The district court therefore did not err in dismissing plaintiffs' claims for failing to satisfy the heightened pleading standard

3

of Rule 9(b).

3. The district court appropriately dismissed under the reasonable consumer standard the plaintiffs' claim predicated upon television advertisements that allegedly ran during the class period. That standard requires a plaintiff to show that "members of the public are likely to be deceived" by the allegedly false advertisement. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). The plaintiffs have not pleaded sufficient facts to show that a reasonable consumer would be misled by defendants' television advertisements, where two of the advertisements identified do not feature Talcum Products and the third is identified by only a YouTube video not plausibly attributable to the defendants. *See, e.g.*, *Moore v. Trader Joe's Co.*, 4 F.4th 874, 882–83 (9th Cir. 2021) (dismissing a false advertising claim based on an unreasonable interpretation of a product label).

4. Lastly, although plaintiffs have ostensibly disclaimed reliance on Proposition 65, they continue to assert that defendants failed to "inform," "notify," and "publicize" certain information about their products to the general public and the relevant authorities. The complaint also alleges that the mere sale of Talcum Products in retail stores deceived plaintiffs into thinking the products were "safe for use." To the extent those allegations rest on the failure to disclose cancer and reproductive health-related risks, they are impermissible attempts to plead around

Proposition 65's mandatory pre-suit notice requirements. Cal. Health & Safety Code § 25249.7(d)(1); *Ctr. for Self-Improvement & Cmty. Dev. v. Lennar Corp.*, 94 Cal. Rptr. 3d 74, 79 (Ct. App. 2009) ("Statutory notice is a mandatory condition precedent to establishing a citizen's right to commence a Proposition 65 enforcement action in the public interest."). As the district court has now twice noted, Proposition 65 forecloses plaintiffs' arguments. *See In re Vaccine Cases*, 36 Cal. Rptr. 3d 80 (Ct. App. 2005) (dismissing UCL claims that were predicated on Proposition 65 warning violations for failure to comply with the pre-suit notice requirement). To the extent the complaint alleges that the defendants failed to disclose harms not covered by Proposition 65, the plaintiffs have waived that claim by failing to argue it "specifically and distinctly" in their briefing. *Indep. Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994)).

5.     Because the district court has provided plaintiffs with five opportunities to remedy the defects in their complaint, it did not abuse its discretion in dismissing the fifth amended complaint with prejudice. *See Leadsinger, Inc. v. BMG Music Publ'g,* 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Because our resolution of the issues above is dispositive of plaintiffs' claims, we need not decide any other issues raised on appeal.

**AFFIRMED.**